## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ROBERT DALE DIXON,                    )
                                      )
      Plaintiff,                  )
                                      )
   vs.                              )          Case No. 4:19-CV-3286 JAR
                                      )
RICHARD JENNINGS, et al.,             )
                                      )
      Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Robert Dale Dixon, an inmate at Potosi Correctional Center ("PCC"), for leave to commence this civil action without prepayment of the required filing fee. (ECF. No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will issue service on defendants Unknown Davis, Unknown Brooks, and Unknown Layton in their individual capacities, but will dismiss the claims brought against them in their official capacities. The Court will also dismiss plaintiff's claim against defendant Richard Jennings in both his individual and official capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement.  (ECF No. 4).  A review of plaintiff's account indicates an average monthly deposit of $7.50 and an average monthly balance of $4.70.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that three corrections officers at PCC used excessive force against him in violation of his Eighth Amendment rights.  He names as defendants Richard Jennings, the Warden of PCC, and corrections officers Unknown Davis, Unknown Brooks, and Unknown Layton.  He sues all defendants in their individual and official capacities.

Plaintiff states that on August 9, 2018, as he was being escorted to administrative segregation, Davis and Brooks "began pulling up on [his] arms and wrists, making the cuffs cut into [his] wrists."  Plaintiff claims he asked them to stop pulling on his arms and wrists and told them he would "walk respectfully."  Plaintiff alleges they ignored his request and "forced [him] onto the ground."  While plaintiff was retrained and positioned on his stomach, Davis, Brooks, and Layton "began to punch and kick [him] in [his] face and body."  Plaintiff alleges this attack caused facial swelling, abrasions, bruised ribs, dental issues, a right shoulder injury, and a concussion.

Plaintiff seeks $100,000 in compensatory damages and $50,000 in punitive damages.

**Discussion**

Excessive force claims brought by prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment.  *Whitley v. Albers*, 475 U.S. 312, 318-22 (1986).  The test is whether the officer's use of force was reasonable under the circumstances, or whether it was punitive, arbitrary, or malicious.  *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley*, 475 U.S. at 319.  A complaint survives review under 18 U.S.C. § 1915(e) for an Eighth Amendment claim when, as alleged here, an identified corrections officer causes serious physical injury to a non-resisting, restrained prisoner.  *See e.g.*, *Cook v. Lombardi*, 2014 WL 5427464, at *2 (E.D. Mo. Oct. 24, 2014) (plaintiff's excessive force claim survived initial review when prisoner alleged "he did not resist being restrained, but was nonetheless slammed on the ground" "and punched repeatedly").  Liberally construed, the Court finds plaintiff has alleged a plausible claim of excessive force against defendants Davis, Brooks, and Layton.  The Court will order service on Davis, Brooks, and Layton in their individual capacities.

The Court will, however, dismiss plaintiff's claims brought against Davis, Brooks, and Layton in their official capacities.  Plaintiff alleges these defendants are employees of PCC, which is an institution under the MDOC, a state agency.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against Davis, Brooks, and Layton, employees of the State of Missouri, in their official capacities.

As to Jennings, the Warden of PCC, plaintiff states: "I'm including in this suit the Warden . . . as he is supposed to oversee the actions of his officers however he did nothing to correct the abuse[.]"  Plaintiff does not allege Jennings personally participated in the alleged use of excessive

force by Davis, Brooks, and Layton, or does he allege Jennings personally participated in any violation of plaintiff's constitutional rights. To state a claim under § 1983, plaintiff must plead that each defendant "personally violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate"); and *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). For these reasons, the Court will dismiss plaintiff's claims brought against Jennings.

### Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that a self-represented litigant "has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of

conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time.  Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be unduly complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Unknown Davis, Unknown Brooks, and Unknown Layton in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Unknown Davis, Unknown Brooks, and Unknown Layton in their official capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant Richard Jennings is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is

**DENIED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of May, 2020.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**