**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT DALE DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:19-CV-3286 JAR |
| | ) | |
| RICHARD JENNINGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant John-Riley Layton has not been served with process.

Plaintiff commenced the instant action on December 13, 2019, and the Court directed the Clerk to issue process on the complaint as to three defendants in their individual capacities on May 18, 2020. ECF No. 5. On August 7, 2020, the Missouri Attorney General's Office waived service of process for defendants Steven Brouk and Jason Davis, but informed the Court it could not waive service of process as to defendant John-Riley Layton because he is no longer employed with the Missouri Department of Corrections and all efforts to contact defendant Layton were unsuccessful. ECF No. 10. On August 27, 2020, the Court ordered the Missouri Attorney General's Office to submit, under seal and *ex parte*, the last known residential address for defendant Layton, which was subsequently timely filed. ECF Nos. 12, 13. The Court then directed the Clerk of Court to effectuate service of process through the U.S. Marshals Office upon defendant Layton's last known address provided under seal. ECF No. 14. On September 23, 2020, the summons for defendant Layton was returned unexecuted with the notation: "Sealed address does not exist." ECF No. 16.

1

There is no dispute that plaintiff has sufficiently identified defendant Layton.  The only issue is his current whereabouts.  The Court ordered defense counsel to supply defendant Layton's last-known contact information so the United States Marshals could attempt to locate him.  *See Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam).  The information provided to the Court shows the investigative efforts the United States Marshals undertook in an effort to locate defendant Layton. The Court finds that the United States Marshals made reasonable efforts to locate defendant Layton and, despite those efforts, were unsuccessful.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period.

In this case, it has been more than 90 days since plaintiff filed his complaint naming Layton as a defendant, and the Court has attempted service twice without success.  As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made.  In light of plaintiff's status as a self-represented and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that defendant John-Riley Layton may be timely served under Rule 4(m).  Plaintiff's response to the Court is due no later than twenty-one (21) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **twenty-one (21) days** from the date of this Order, plaintiff shall provide the Court with adequate information such that defendant John-Riley Layton may be served with process.

2

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of defendant John-Riley Layton from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court shall amend the caption to substitute "Unknown Brooks" with Steven Brouk; "Unknown Davis" with Jason Davis; and "Unknown Layton" with John-Riley Layton as the named defendants. The Clerk of Court shall amend the case caption and the short caption to reflect these substitutions.

Dated this 2nd day of October, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

3