## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT DALE DIXON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:19-CV-3286 JAR |
| JASON DAVIS, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by defendants Steven Brouk and Jason Davis. ECF No. 11. There has been no response from self-represented plaintiff Robert Dale Dixon, and the time for responding has passed. For the reasons discussed below, the motion will be denied and the Court will issue a case management order in this case by separate order.

### Background

Plaintiff, currently incarcerated at Potosi Correctional Center ("PCC") in Mineral Point, Missouri, brings this action pursuant to 42 U.S.C. § 1983 alleging three correctional officers at PCC used excessive force against him in violation of the Eighth Amendment. The complaint names as defendants Richard Jennings (the Warden of PCC) and correctional officers Unknown Davis, Unknown Brooks, and Unknown Layton.[1] He sues all defendants in their individual and official capacities.

Plaintiff alleges that on August 9, 2018, as he was being escorted to administrative segregation, defendants Davis and Brooks "began pulling up on [his] arms and wrists, making the cuffs cut into [his] wrists." Plaintiff claims he asked the officers to stop pulling on his arms and

---

[1] Unknown Davis, Unknown Brooks, and Unknown Layton were subsequently identified as Jason Davis, Steven Brouk, and John-Riley Layton. The Court directed the Clerk to amend the case caption accordingly. ECF No. 17.

wrists and told them he would "walk respectfully." Plaintiff alleges they ignored his requests and "forced [him] onto the ground." While plaintiff was restrained and positioned on his stomach, defendants Davis, Brooks, and Layton allegedly "began to punch and kick [him] in [his] face and body." Plaintiff alleges this attack caused facial swelling, abrasions, bruised ribs, dental issues, a right shoulder injury, and a concussion. Plaintiff seeks $100,000 in compensatory damages and $50,000 in punitive damages.

On May 18, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 5. The Court dismissed plaintiff's claims against defendant Warden Jennings in both his individual and official capacities for the reason that plaintiff failed to allege that he personally participated in the use of excessive force. *Id.* at 4-5. The Court also dismissed plaintiff's claims against defendants Davis, Brooks, and Layton in their official capacities because they were acting as employees of the State of Missouri and were, thus, not considered "persons" under § 1983. *Id.* at 4 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Court, however, found plaintiff to have alleged plausible claims of excessive force against defendants Davis, Brooks, and Layton in their individual capacities. *Id.* at 4.

On August 7, 2020, the Missouri Attorney General's Office ("AGO") waived service of process for defendants Brouk and Davis. ECF No. 10. As to defendant Layton, the AGO informed the Court it was not authorized to waive service because he "is no longer employed with the Missouri Department of Corrections, and efforts to contact him have been unsuccessful." *Id.* at 1. The Court subsequently issued an Order directing the AGO to submit to the Court, under seal and *ex parte*, the last known residential address for defendant Layton. ECF No. 12. The AGO timely complied and the Court directed the Clerk to effectuate service of process on defendant Layton through the United States Marshal's Office. ECF No. 14. On September 23, 2020, the summons was returned unexecuted for the reason that the "sealed address does not exist." ECF No. 16. On

October 2, 2020, the Court provided plaintiff with the opportunity to provide adequate information such that defendant Layton could be served under Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 17. Plaintiff failed to respond. As such, the Court dismissed defendant Layton from this action on October 30, 2020. ECF No. 21. The only remaining defendants to this action are Jason Davis and Steven Brouk.

### Legal Standard for Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### Dismissal Arguments of Defendants Brouk and Davis

Defendants Brouk and Davis argue plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted because public records reflect plaintiff attacked defendants and, thus, his version of events is misleading or untrue. ECF No. 11.

Defendants admit that at some point during plaintiff's incarceration at PCC, plaintiff was escorted by correctional officers Brouk, Davis, and Layton to the facility's medical unit.[2] Contrary to plaintiff's allegations, defendants assert plaintiff became resistant during the escort. Defendants

---

[2] Plaintiff's complaint alleges the incident giving rise to the instant action occurred on August 9, 2018. ECF No. 1 at 3. Defendants' motion to dismiss states the incident occurred on August 9, 2020. ECF No. 1. The Court believes the date in defendants' motion was a clerical error by counsel.

cite to a grievance attached to the complaint evidencing that plaintiff admits to headbutting defendant Davis during the altercation. *See* ECF No. 1-4 ("I then headbutted Davis to get him to stop"). As a result of plaintiff's conduct, defendants aver they restrained plaintiff on the ground as he "continued to be extremely combative, attempting to kick, bite, and spit on Defendants despite their multiple directives for him to stop resisting." Defendants argue that after escort resumed, plaintiff continued to resist by kicking defendants Layton and Brouk. Due to the incident, defendants required medical attention. Specifically, Brouk sustained a knee injury and Davis was so severely concussed he did not return to work.

To corroborate their version of the incident, defendants cite to *State v. Dixon*, Case Nos. 19WA-CR00287 and 19WA-CR00287-01 (St. Francis County Circuit Court) and *State v. Dixon*, Case No. 19WA-CR00287-02 (Circuit Court of Washington County) (collectively "*Dixon* case"). Defendants explain that as a result of the altercation plaintiff was subsequently charged and pled guilty in state court to a violation of Mo. Rev. Stat. § 217.385, which makes it a class B felony for an offender to knowingly commit violence against employees of the Missouri Department of Corrections. Defendants aver that plaintiff's uncontested conviction for using violence against defendant Davis, in conjunction with plaintiff's own statements in the grievance admitting to resistant behavior, show plaintiff has failed to state a plausible excessive force claim against any of the defendants.

## Discussion

Initially, it should be observed that the Court can take judicial notice of state court filings. In Missouri, as in other states, court records are public records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98; *Pulitzer Publ'g Co. v. Transit Cas. Co.*, 43 S.W.3d 293, 300-01 (Mo. banc 2001); Mo. Rev. Stat. §§ 109.180, 476.010. In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is "not precluded

in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (citing *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)).

The Court has reviewed the *Dixon* case on Case.net, Missouri's online case management system. On June 7, 2019, a felony complaint was filed against plaintiff pursuant to Mo. Rev. Stat. § 558.011 for knowingly committing violence against Davis by headbutting him (Count I); knowingly committing violence against Layton by kicking him (Count II); and knowingly committing violence against Brouk by kicking him (Count III). The probable cause affidavit supporting the felony complaint states as follows:

> On August 9, 2018 Offender Dixon became resistant during escort to medical for a TASC evaluation. Offender Dixon was restrained behind his back. As Officers Davis, Layton and Brouk escorted Dixon he did lunge forcefully slamming his head into the left side of Officer Davis's head causing a Use of Force. A review of the camera and officers statements revealed that Offender Dixon continued to be extremely combative while on the ground attempting to kick, bite, and spit on Davis and other escorting Officers, despite multiple directives to stop resisting a struggle[] occurred to control the offender. Offender Dixon was escorted to medical where he assaulted COII Layton, COI Brouk, and COI Mesger by mule kicking these Officers in the knee. During this entire incident offender Dixon displayed aggressive and violent behavior. By the offenders own actions he places himself in violation of rule 2.1 Assault. All three officers required outside medical attention. Davis was placed under Doctors care for a severe concussion and Brouk received a knee injury. Davis did not return to work.

*State v. Dixon*, Case No. 19WA-CR00287 and 19WA-CR00287-01 (St. Francis County Circuit Court).

Records on Case.net further reflect that on June 29, 2020, the prosecutor dismissed Counts II and III, and plaintiff pled guilty to Count I. *Dixon v. State*, Case No. 19WA-CR00287-02 (Circuit Court of Washington County). On June 30, 2020, plaintiff was sentenced to seven years' imprisonment for violence to an employee of the Missouri Department of Corrections. *Id.*

Defendants Brouk and Davis argue that because plaintiff pled guilty in state court to knowingly committing violence against Davis by headbutting him, the force Davis, Brooks, and Layton used in the August 9, 2018 incident could not have been excessive. At this early stage of the proceeding the Court cannot agree with this line of reasoning. The fact plaintiff's assault on Davis was unlawful does not automatically mean the force defendant correctional officers used prior to or in response to plaintiff's unlawful action could not have risen to the level of unreasonable and excessive. Regardless of plaintiff's actions, Davis, Brooks, and Layton were still constrained to use only the level of force which was reasonable in the situation. While the fact that plaintiff was acting in an unruly manner certainly factors into the totality of the circumstances and may have justified a greater use of force than would have been reasonable had plaintiff been peaceful and cooperative, the Court cannot definitely determine based on the state conviction that excessive force was not used. *See e.g., Ballard v. Burton*, 444 F.3d 391, 399-400 (5th Cir. 2006) (holding that a state conviction for simple assault did not necessarily imply that defendant did not use excessive force); *Dabney v. Pegano*, 2013 WL 5464776, at *20 (N.D.N.Y. Sept. 30, 2013), *aff'd*, 604 F. App'x 1 (2d Cir. 2015) (an inmate's disciplinary conviction "conclusively established only the wrongfulness of [p]laintiff's actions; they do not include a finding one way or the other concerning the lawfulness of the corrections officers' actions."); *Snyder v. Hall*, 2006 WL 8445017, at *3 (C.D. Ill. Aug. 15, 2006), *report and recommendation*

*adopted*, No. 06-1038, 2006 WL 8445019 (C.D. Ill. Aug. 31, 2006) ("The Court can conceive of facts consistent with the allegations in Plaintiff's Complaint that would support a conclusion that both were at fault–Plaintiff of aggravated battery and [correctional officer] of excessive force.").

As defendants point out in their motion, plaintiff attached a grievance to his complaint, dated October 1, 2018, in which he claimed defendant officers were escorting him to administrative segregation in restraints and began to "pull [his] arms apart making the cuffs cut into [his] wrist." ECF No. 1-4 at 2. After allegedly asking the officers to stop pulling on his arms, plaintiff admitted to headbutting defendant Davis. *Id.* Plaintiff then states he was "taken to the ground" and struck with a "closed fist" and "kicked." *Id.* In contrast, defendants' version of the incident describes plaintiff as being resistant prior to headbutting Officer Davis and while he was on the ground.

Excessive force claims brought by prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 318-22 (1986). The "core judicial inquiry" in a suit for excessive use of force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation and quotations omitted). "Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In considering an excessive use of force claim, the Court is to weigh the prisoner's testimony, the extent of the prisoner's injury, and whether the "security threat reasonably perceived by defendants, '[would] support a reliable inference' of an unnecessary and wanton infliction of

pain." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Johnson v. Bi-State Justice Ctr./Ark. Dep't Corr.*, 12 F.3d 133, 136-37 (8th Cir. 1993)). At this stage of the litigation taking as true all of plaintiff's allegations as the Court is required to do, there are issues of material fact that cannot be resolved in a motion to dismiss. Thus, defendants' instant motion will be denied.

Additionally, although defendants' motion does not address *Heck v. Humphry*, 512 U.S. 477, 487 (1994), the Court finds it necessary to the discussion. In *Heck*, the Supreme Court held that where a § 1983 suit for damages would necessarily imply the invalidity of an inmate's conviction or length of sentence, such a claim is not cognizable under § 1983. 512 U.S. at 487. As a result of *Heck*, a district court must consider the relationship between the § 1983 claim and the conviction, including asking whether the plaintiff could prevail only by "negat[ing] an element of the offense of which he [was] convicted." *Id.* at 486 n. 6.

In the instant case, plaintiff's complaint does not seek to invalidate his state court conviction of knowingly inflicting violence on defendant Davis, expressly or by implication. Moreover, if this Court were to find the defendant correctional officers did, in fact, use excessive force, it would not negate plaintiff's conviction of knowingly committing violence against defendant Davis. *See Bell v. Lombardi*, No. 4:14-CV-0027-CEJ, 2016 WL 245405, at *3 (E.D. Mo. Jan. 21, 2016) ("The Court finds that a favorable judgment for plaintiff on his excessive use of force claim would not require a jury to necessarily find that plaintiff did not commit violence against a correctional officer at the onset of the altercation). *See also Thore v. Howe*, 466 F.3d 173, 180 (1st Cir. 2006) ("*Heck* does not automatically bar consideration of an excessive force claim by an individual who has been convicted of assault, the record before us does not permit a determination of the requisite relatedness"); *Garrison v. Porch*, 376 Fed. Appx. 274 (3rd Cir. 2010) (plaintiff's guilty plea to simple assault is not *Heck* barred because the issue is whether the force used was reasonable to overcome plaintiff's admitted resistance); *McCann v. Neilsen*, 466 F.3d.

619 (7th Cir. 2006) (plaintiff's § 1983 excessive force claim not *Heck* barred because plaintiff's ambiguous complaint was not necessarily undermining his conviction). Analogously, it has also been held that "a plaintiff who has been convicted of resisting arrest or assaulting a police officer . . . is not *per se Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation" because that would "imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (citing *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)). Plaintiff's complaint neither challenges the lawfulness of his state conviction nor claims that he did not commit violence against a correctional officer during the incident. Plaintiff concedes he headbutted defendant Davis. Thus, a jury could determine that the defendant officers used excessive force against plaintiff while he was restrained without calling into question the validity of plaintiff's conviction for committing violence against a correctional officer. Thus, a finding of excessive force would not invalidate plaintiff's state conviction in the *Dixon* case and would not be a basis for dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Steven Brouk and Jason Davis's motion to dismiss (ECF No. 11) is **DENIED**.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2020.