UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-03286 JAR |
| | ) | |
| JASON DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This prisoner civil rights complaint under 42 U.S.C. § 1983 is before the Court on Plaintiff's motion to appoint counsel. (Doc. No. 26). Petitioner asserts that he cannot adequately present his case because he not familiar with laws and procedure. Plaintiff also asserts that he would like to have his medical evaluation presented to the Court to show injury as well as the video footage of the incident in question. For the following reasons, the motion will be denied without prejudice.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

1

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. The issues in this case are not complex and thus far Plaintiff has demonstrated he is able to articulate and present his claims. As for the factual issues regarding Plaintiff's alleged injuries, at this time it does not appear that significant investigative work will be required, as the evidence in the case will be found in his medical records. Plaintiff should be guided by the Federal Rules of Civil Procedure with respect to the discovery he wishes to pursue. He may take depositions by written questions as authorized by Rule 31. He may also direct interrogatories, requests for production of documents, and requests for admissions to Defendants. See Rules 33, 34 and 36.

The Court will therefore deny the motion for the appointment of counsel without prejudice and will consider future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [26] is **DENIED** without prejudice.

Dated this 15th day of December, 2020.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE