**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT DALE DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-03286 JAR |
| | ) | |
| JASON DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Defendants' motion to dismiss Plaintiff's complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(d) and 41(b). (Doc. No. 58). For the following reasons, the motion will be granted.

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 alleging that two corrections officers, Defendants Steven Brouk and Jason Davis, used excessive force against him in violation of the Eighth Amendment. At the time he filed his lawsuit in December 2019, Plaintiff was confined at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. Sometime thereafter, he was transferred to the Southeast Correctional Center (SCC) in Charleston, Missouri. On April 30, 2021, Defendants served their written discovery on Plaintiff at SCC. Plaintiff failed to respond. On July 28, 2021, Defendants learned that Plaintiff had been transferred to Jefferson City Correctional Center (JCCC) on April 27, 2021, and as a result had not received Defendants' interrogatories or requests for production. The Court notes that Plaintiff did not file a notice of his change of address with the Clerk of Court. After learning of Plaintiff's transfer, Defendants re-served their written discovery on Plaintiff on July 29, 2021. Plaintiff's responses to that discovery were due on August 30, 2021, but he failed to respond.

On November 2, 2021, Defendants moved to compel Plaintiff's responses to their written discovery. (Doc. No. 52). On November 3, 2021, this Court ordered Plaintiff to show cause in writing by November 15, 2021 why the relief sought in Defendants' pending motion to compel should not be granted. (Doc. No. 53). When Plaintiff failed to respond, this Court granted Defendants' motion and ordered Plaintiff to provide answers to Defendants' First Set of Interrogatories and First Set of Requests for Production no later than November 30, 2021, or face dismissal of this action. (Doc. No. 55).[1]

Given that the discovery deadline in this case was November 30, 2021, Defendants scheduled Plaintiff's deposition for Friday, November 19, 2021. Plaintiff failed to appear at his deposition, without explanation or notice to Defendants' counsel; the caseworker at JCCC advised counsel that Plaintiff was refusing his deposition. A record of Plaintiff's nonappearance was made.

Under Rule 37(d), a defendant may seek sanctions, including dismissal, for a plaintiff's failure to attend his deposition and/or failure to respond to interrogatories and requests for production. See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). A defendant may also move to dismiss the action if a plaintiff fails to prosecute or comply with the Federal Rules or a court order. See id. (affirming dismissal of pro se plaintiff's complaint where plaintiff failed to comply with order of the court); see also Fed. R. Civ. P. 41(b). Under Rule 41(b), the focus is primarily on the plaintiff's conduct, "and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." See Burgett v. Gen. Store No. Two Inc., 727 F. App's 898, 900 (8th Cir. 2018). Dismissal is warranted when a plaintiff consistently refuses to

---

[1] On January 10, 2022, this Court directed Defendants to update the Court on the status of discovery in this case. (Doc. No. 60). In response, Defendants indicated they would request an extension of discovery deadlines in the event the Court denied their motion to dismiss. (Doc. No. 61).

participate in the discovery process and forces defendants to seek assistance from the district court. Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).

Plaintiff filed his complaint over two years ago. His failure to respond to Defendants' discovery requests, his failure to appear for his scheduled deposition, and his failure to respond either to the instant motion or to this Court's November 3, 2021 order leads the Court to conclude that he is not pursuing this litigation in good faith. Dismissal with prejudice is appropriate in this situation. Burgett, 727 F.App'x at 901. Although Plaintiff is pro se, a pro se party is bound by the discovery rules as is an attorney, especially when fulfilling discovery requirements. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000); see also Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993) (pro se status "does not entitle a party to disregard the Federal Rules of Civil Procedure.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint [58] is **GRANTED.** A separate Judgment of Dismissal accompanies this Memorandum and Order.


Dated this 8th day of February, 2022.


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**